UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ESTATE OF RAMARLEY GRAHAM, BY CONSTANCE
MALCOLM, ADMINISTRATRIX, PATRICIA HARTLEY,        **ANSWER TO THE**
CHINNOR CAMPBELL, A MINOR BY HIS MOTHER           **COMPLAINT WITH**
AND NATURAL GUARDIAN CONSTANCE MALCOLM,           **CROSS-CLAIMS**
FRANCLOT GRAHAM, AND CONSTANCE MALCOLM

                           Plaintiffs,

              -against-                            13-CV-2015 (PKC)

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, NYPD DEPUTY INSPECTOR
PAUL DEENTREMONT, INDIVIDUALLY AND AS
A SUPERVISING POLICE OFFICER, P.O. RICHARD
HASTE, SHIELD #20875, 47TH PCT.,
INDIVIDUALLY AND AS A                             TRIAL BY JURY
POLICE OFFICER, P.O. TYRONE HORNE,                DEMANDED
SHIELD #24885, INDIVIDUALLY AND AS A
POLICE OFFICER, SGT. SCOTT MORRIS,
SHIELD #953, INDIVIDUALLY AND AS A POLICE OFFICER
POLICE OFFICER ANDREW JARVIS, SHIELD #7776
INDIVIDUALLY AND AS A POLICE OFFICER.
POLICE OFFICER JANE DOE, IDENTITY PRESENTLY
UNKNOWN, 47TH, PCT., SNEU UNIT, INDIVIDUALLY
AND AS A POLICE OFFICER, AND POLICE OFFICERS
JOHN DOES 1-10, IDENTITIES PRESENTLY UNKNOWN,
EACH INDIVIDUALLY AND AS A POLICE OFFICER.

                           Defendants.
-----------------------------------------------------------------------X

          Defendant, NEW YORK CITY POLICE OFFICER RICHARD HASTE, by his

attorneys Worth, Longworth, & London, LLP, respectfully answers plaintiffs' complaint

as follows:

## PARTIES

1.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiffs' complaint and refer all questions of law to the Court.

2.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiffs' complaint and refer all questions of law to the Court.

3.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3 of plaintiffs' complaint and refer all questions of law to the Court.

4.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiffs' complaint and refer all questions of law to the Court.

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiffs' complaint and refer all questions of law to the Court.

6.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiffs' complaint.

7.      In response to paragraph 7 of plaintiffs' complaint, admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

8.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiffs' complaint, except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

9.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiffs' complaint.

10.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiffs' complaint.

11.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11 of plaintiffs' complaint.

12.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of plaintiffs' complaint.

13.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13 of plaintiffs' complaint.

14.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of plaintiffs' complaint.

15.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15 of plaintiffs' complaint.

16.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 of plaintiffs' complaint.

17.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 17 of plaintiffs' complaint.

18.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 18 of plaintiffs' complaint, except admit that at all relevant
times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is
employed as New York City Police Officer by the Defendant City of New York, and
was performing his duties lawfully under the color of law and within the scope of his
employment.

19.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 19 of plaintiffs' complaint.

20.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 20 of plaintiffs' complaint.

21.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 21 of plaintiffs' complaint.

22.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 22 of plaintiffs' complaint.

23.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 23 of plaintiffs' complaint.

24.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 24 of plaintiffs' complaint.

25.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 25 of plaintiffs' complaint.

26.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26 of plaintiffs' complaint and refer all questions of law to the Court.

27.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 of plaintiffs' complaint and refer all questions of law to the Court.

28.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 of plaintiffs' complaint.

29.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29 of plaintiffs' complaint.

30.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 of plaintiffs' complaint.

31.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31 of plaintiffs' complaint.

## **GENERAL ALLEGATIONS**

32.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 32 through 93 of plaintiffs' complaint.

33.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 94 of plaintiffs' complaint including sub paragraphs "a." through "d."

34.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 95 of plaintiffs' complaint.

35.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 96 of plaintiffs' complaint.

36.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 97 of plaintiffs' complaint.

37.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 98 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

38.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 99 of plaintiffs' complaint.

39.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 100 of plaintiffs' complaint.

40.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 101 of plaintiffs' complaint.

41.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 102 of plaintiffs' complaint.

42.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 103 of plaintiffs' complaint.

43.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 104 of plaintiffs' complaint.

44.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 105 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

45.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 106 of plaintiffs' complaint.

46.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 107 of plaintiffs' complaint.

47.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 108 of plaintiffs' complaint.

48.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 109 of plaintiffs' complaint.

49.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 110 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

50.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 111 of plaintiffs' complaint.

51.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 112 of plaintiffs' complaint.

52.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 113 of plaintiffs' complaint.

53.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 114 of plaintiffs' complaint.

54.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 115 of plaintiffs' complaint.

55.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 116 of plaintiffs' complaint.

56.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 117 of plaintiffs' complaint.

57.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 118 of plaintiffs' complaint.

58.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 119 of plaintiffs' complaint.

59.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 120 of plaintiffs' complaint.

60.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 121 of plaintiffs' complaint.

61.     Deny the allegations contained in paragraph 122 of plaintiffs' complaint.

62.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 123 of plaintiffs' complaint.

63.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 124 of plaintiffs' complaint.

64.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 125 of plaintiffs' complaint.

65.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 126 of plaintiffs' complaint.

66.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 127 of plaintiffs' complaint.

67. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 128 of plaintiffs' complaint.

68. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 129 of plaintiffs' complaint.

69.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 130 of plaintiffs' complaint.

70.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 131 of plaintiffs' complaint and refer all questions of law to the Court.

71.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 132 of plaintiffs' complaint and refer all questions of law to the Court.

72.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 133 of plaintiffs' complaint and refer all questions of law to the Court.

73.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 134 of plaintiffs' complaint.

74.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 135 of plaintiffs' complaint.

75.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 136 of plaintiffs' complaint.

76.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 137 of plaintiffs' complaint.

77.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 138 of plaintiffs' complaint.

## THE EVENTS OF FEBRUARY 2, 2012, AND ITS AFTERMATH

78.     Deny the allegations contained in paragraph 139 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

79.     Deny the allegations contained in paragraphs 140 through 191 of plaintiffs' complaint.

80.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 192 of plaintiffs' complaint.

81.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 193 of plaintiffs' complaint.

82.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 194 of plaintiffs' complaint.

83.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 195 of plaintiffs' complaint.

84.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 196 of plaintiffs' complaint.

85.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 197 of plaintiffs' complaint.

86.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 198 of plaintiffs' complaint.

87.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 199 of plaintiffs' complaint.

88.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 200 of plaintiffs' complaint.

89.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 201 of plaintiffs' complaint.

90.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 202 of plaintiffs' complaint.

91.     Deny the allegations contained in paragraph 203 of plaintiffs' complaint.

92.     Deny the allegations contained in paragraph 204 of plaintiffs' complaint.

93.     Deny the allegations contained in paragraph 205 of plaintiffs' complaint.

94.     Deny the allegations contained in paragraph 206 of plaintiffs' complaint.

95.     Deny the allegations contained in paragraph 207 of plaintiffs' complaint.

96.     Deny the allegations contained in paragraph 208 of plaintiffs' complaint.

97.     Deny the allegations contained in paragraph 209 of plaintiffs' complaint.

98.     Deny the allegations contained in paragraph 210 of plaintiffs' complaint.

99.     Deny the allegations contained in paragraph 211 of plaintiffs' complaint.

100.        Deny the allegations contained in paragraph 212 of plaintiffs' complaint.

101.    Deny the allegations contained in paragraph 213 of plaintiffs' complaint.

102.    Deny the allegations contained in paragraph 214 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

103.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 215 of plaintiffs' complaint.

104.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 216 of plaintiffs' complaint.

105.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 217 of plaintiffs' complaint.

106.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 218 of plaintiffs' complaint.

107.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 219 of plaintiffs' complaint.

108.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 220 of plaintiffs' complaint and refer all questions of law to

the court.

## **DAMAGES**

109.    Deny the allegations contained in paragraph 221 of plaintiffs' complaint including

sub paragraphs "a" through "g."

110.    Deny the allegations contained in paragraph 222 of plaintiffs' complaint including

sub paragraphs "a" through "e."

111.    Deny the allegations contained in paragraph 223 of plaintiffs' complaint including

sub paragraphs "a" through "e."

112.    Deny the allegations contained in paragraph 224 of plaintiffs' complaint including

sub paragraphs "a" through "g."

113.    Deny the allegations contained in paragraph 225 of plaintiffs' complaint including

sub paragraphs "a." through "d."


**AS FOR AN ANSWER TO A FIRST CAUSE OF ACTION ON BEHALF OF
CONSTANCE MALCOLM, AS ADMINISTRATRIX OF THE ESTATE OF
RAMARLEY GRAHAM FOR WRONGFUL DEATH**

114.    In response to paragraph 226 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 225 as if the same were fully set forth at length

herein.

115.    Deny the allegations contained in paragraph 227 of plaintiffs' complaint except

admit that at all relevant times mentioned in the complaint POLICE OFFICER

RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

116.    Deny the allegations contained in paragraph 228 of plaintiffs' complaint.

117.    Deny the allegations contained in paragraph 229 of plaintiffs' complaint.

118.    Deny the allegations contained in paragraph 230 of plaintiffs' complaint.

119.    Deny the allegations contained in paragraph 231 of plaintiffs' complaint.

120.    Deny the allegations contained in paragraph 232 of plaintiffs' complaint.

121.    Deny the allegations contained in paragraph 233 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

122.    Deny the allegations contained in paragraph 234 of plaintiffs' complaint.

123.    Deny the allegations contained in paragraph 235 of plaintiffs' complaint.

124.    Deny the allegations contained in paragraph 236 of plaintiffs' complaint.

125.    Deny the allegations contained in paragraph 237 of plaintiffs' complaint.

126.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 238 of plaintiffs' complaint.

127.    Deny the allegations contained in paragraph 239 of plaintiffs' complaint.

128.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 240 of plaintiffs' complaint and refer all questions of law to the Court.

**AS FOR AN ANSWER TO A SECOND CAUSE OF ACTION ON BEHALF OF CONSTANCE MALCOLM, AS ADMINISTRATRIX OF THE ESTATE OF RAMARLEY GRAHAM FOR ASSAULT AND BATTERY AND CONSCIENCE PAIN AND SUFFERING**

129.    In response to paragraph 241 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 240 as if the same were fully set forth at length

herein.

130.    Deny the allegations contained in paragraph 242 of plaintiffs' complaint.

131.    Deny the allegations contained in paragraph 243 of plaintiffs' complaint.

132.    Deny the allegations contained in paragraph 244 of plaintiffs' complaint.

133.    In response to paragraph 245 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, admits that at all relevant times mentioned in the complaint he

was and is employed as New York City Police Officer by the Defendant City of New

York, and was performing his duties lawfully under the color of law and within the

scope of his employment.

134.    Deny the allegations contained in paragraphs 246 through 253 of plaintiffs'

complaint.

**AS FOR AN ANSWER TO A THIRD THROUGH FIFTH CAUSE OF ACTION ON BEHALF OF CONSTANCE MALCOLM, AS ADMINISTRATRIX OF THE ESTATE OF RAMARLEY GRAHAM, CONSTANCE GRAHAM INDIVIDUALLY, AND FRANCLOT GRAHAM INDIVIDUALLY AGAINST POLICE OFFICERS HASTE, MORRIS, HORNE, JARVIS, JANE DOE, AND OTHER POLICE OFFICER JOHN DOES, INDIVIDUALLY AND AS POLICE OFFICERS UNDER 42 USCA 1983, 1985**

135.    In response to paragraph 254 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 253 as if the same were fully set forth at length herein.

136.    Deny the allegations contained in paragraph 255 of plaintiffs' complaint including sub paragraphs "a" through "n."

137.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 256 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint he was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

138.    Deny the allegations contained in paragraphs 257 through 263 of plaintiffs' complaint.

**AS FOR AN ANSWER TO A SIXTH, SEVENTH, AND EIGHTH CAUSE OF ACTION ON BEHALF OF CONSTANCE MALCOLM, AS ADMINISTRATRIX OF THE ESTATE OF RAMARLEY GRAHAM, PATRICIA HARTLEY, AND CHINNOR CAMPBELL, BY HIS MOTHER AND NATURAL GUARDIAN CONSTANCE MALCOLM AGAINST THE CITY, KELLY AND DEENTREMONT, FOR SUPERVISORY LIABILITY UNDER 42 USCA 1983**

139.    In response to paragraph 264 of plaintiffs' complaint POLICE OFFICER RICHARD HASTE, repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 263 as if the same were fully set forth at length herein.

140.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 265 of plaintiffs' complaint.

141.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 266 of plaintiffs' complaint.

142.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 267 of plaintiffs' complaint.

143.    Deny the allegations contained in paragraph 268 of plaintiffs' complaint.

144.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 269 of plaintiffs' complaint.

145.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 270 of plaintiffs' complaint.

146.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 271 of plaintiffs' complaint.

147.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 272 of plaintiffs' complaint.

148.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 273 of plaintiffs' complaint.

149.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 274 of plaintiffs' complaint.

150.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 275 of plaintiffs' complaint.

151.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 276 of plaintiffs' complaint.

152.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 277 of plaintiffs' complaint including sub paragraphs "a" through "e."

153.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 278 of plaintiffs' complaint.

154.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 279 of plaintiffs' complaint.

155.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 280 of plaintiffs' complaint, including sub paragraphs "a"

through "g."

156.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraphs 281 through 290 of plaintiffs' complaint.

**AS FOR AN ANSWER TO A NINTH THROUGH TWELFTH CAUSE OF
ACTION ON BEHALF OF CONSTANCE MALCOLM, AS ADMINISTRATRIX
OF THE ESTATE OF RAMARLEY GRAHAM, PATRICIA HARTLEY, AND
CHINNOR CAMPBELL BY HIS MOTHER AND NATURAL GUARDIAN
CONSTANCE MALCOLM, AND CONSTANCE MALCOLM AND CONSTANCE
MALCOLM INDIVIDUALLY, AGAINST THE CITY AND KELLY FOR
MONELL LIABILITY UNDER 42 USCA 1983**

157.    In response to paragraph 291 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 290 as if the same were fully set forth at length

herein.

158.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 292 of plaintiffs' complaint, including sub paragraphs "a"

through "l."

159.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 293 of plaintiffs' complaint.

160.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 294 of plaintiffs' complaint.

161.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 295 of plaintiffs' complaint.

162.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 296 of plaintiffs' complaint.

163.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 297 of plaintiffs' complaint, including sub paragraphs "a" through "v."

164.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 298 of plaintiffs' complaint.

165.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 299 of plaintiffs' complaint.

166.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 300 of plaintiffs' complaint.

167.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 301 of plaintiffs' complaint.

168.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 302 of plaintiffs' complaint.

169.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 303 of plaintiffs' complaint including sub paragraphs "a" through "p."

170.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 304 of plaintiffs' complaint.

171.    Deny the allegations contained in paragraph 305 of plaintiffs' complaint.

172.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 306 of plaintiffs' complaint.

173.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 307 of plaintiffs' complaint.

174.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 308 of plaintiffs' complaint.

175.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 309 of plaintiffs' complaint including sub paragraphs "a" through "c."

176.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 310 of plaintiffs' complaint.

177.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 311 of plaintiffs' complaint including sub paragraphs "a" through "w."

178.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 312 of plaintiffs' complaint.

179.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 313 of plaintiffs' complaint.

180.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 314 of plaintiffs' complaint including sub paragraphs "a"
through "e."

181.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 315 through 348 of plaintiffs' complaint.

182.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 349 of plaintiffs' complaint except admit that at all relevant
times mentioned in the complaint he was and is employed as New York City Police
Officer by the Defendant City of New York, and was performing his duties lawfully
under the color of law and within the scope of his employment.

183.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraphs 350 through 354 of plaintiffs' complaint.

**AS FOR AN ANSWER TO A THIRTEENTH AND FOURTEENTH CAUSE OF
ACTION ON BEHALF OF CONSTANCE MALCOLM, AS ADMINISTRATRIX
OF THE ESTATE OF RAMARLEY GRAHAM, AND PATRICIA HARTLEY
AGAINST POLICE OFFICERS HASTE, MORRIS, HORNE, JARVIS, JANE
DOE, DEENTREMONT AND OTHER POLICE OFFICER JOHN DOES, AND
INDIVIDUALLY AND AS POLICE OFFICERS FOR CONSPIRACY UNDER 42
USCA 1985, 1988**

184.     In response to paragraph 355 of plaintiffs' complaint POLICE OFFICER
RICHARD HASTE, repeats and reiterates each and every answer set forth in
paragraphs numbered 1 through 354 as if the same were fully set forth at length
herein.

185.     Deny the allegations contained in paragraphs 356 through 362 of plaintiffs'
complaint.

**AS FOR AN ANSWER TO A FIFTEENTH THROUGH EIGHTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, ESTATE OF RAMARLEY GRAHAM BY COSNTANCE MALCOLM AS ADMINISTRATRIX, PATRICIA HARTLEY, CHINNOR CAMPBELL, BY HIS MOTHER AND NATURAL GUARDIAN CONSTANCE MALCOLM, AND CONSTANCE MALCOLM INDIVIDUALLY AGAINST DEFENDANT CITY FOR NEGLIGENT HIRING AND RETENTION**

186.    In response to paragraph 363 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 362 as if the same were fully set forth at length

herein.

187.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 364 of plaintiffs' complaint.

188.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 365 of plaintiffs' complaint.

189.    Deny the allegations contained in paragraphs 366 through 390.

190.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 391 of plaintiffs' complaint.

191.    Deny the allegations contained in paragraphs 392 through 399.

**AS FOR AN ANSWER TO A TWENTY-SECOND CAUSE OF ACTION ON BEHALF OF PATRICIA HARTLEY AGAINST POLICE OFFICERS HASTE, MORRIS, HORNE, JARVIS, JANE DOE, AND OTHER POLICE OFFICER JOHN DOES, INDIVIDUALLY AND AS POLICE OFFICERS UNDER 42 USCA 1983, 1988**

192.    In response to paragraph 400 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 399 as if the same were fully set forth at length

herein.

193.    Deny the allegations contained in paragraph 401 including sub paragraphs "a"

through "l."

194.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 402 of plaintiffs' complaint except admit that at all relevant

times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is

employed as New York City Police Officer by the Defendant City of New York, and

was performing his duties lawfully under the color of law and within the scope of his

employment.

195.    Deny the allegations contained in paragraphs 403 through 408.


**AS FOR AN ANSWER TO A TWENTY THIRD CAUSE OF ACTION ON
BEHALF OF THE PLAINTIF, CHINNOR CAMPBELL, BY HIS MOTHER AND
NATURAL GUARDIAN, CONSTANCE MALCOLM, FOR NEGLIGENTLY
EXPOSING THE PLAINTIFF TO AN UNREASONABLE RISK OF BODILY
INJURY OR DEATH, I.E. ZONE OF DANGER.**

196.    In response to paragraph 409 of plaintiffs' complaint POLICE OFFICER

RICHARD HASTE, repeats and reiterates each and every answer set forth in

paragraphs numbered 1 through 408 as if the same were fully set forth at length

herein.

197.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 410 of plaintiffs' complaint.

198.    Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 411 of plaintiffs' complaint.

199.    Deny the allegations contained in paragraphs 412 through 420 of plaintiffs'

complaint.

**AS FOR AN ANSWER TO A TWENTY FOURTH CAUSE OF ACTION ON BEHALF OF CHINNOR CAMPBELL, A MINOR BY HIS MOTHER AND NATURAL GUARDIAN CONSTANCE MALCOLM AGAINST POLICE OFFICERS HASTE, MORRIS, HORNE, JARVIS, JANE [SEE BELOW]**

*POLICE OFFICER RICHARD HASTE cannot respond to paragraphs 421 through 430 of plaintiff's complaint since a hard copy of the complaint was never served on this firm, Worth, Longworth, & London LLP, attorneys of record for POLICE OFFICER RICHARD HASTE, because plaintiff never re-filed his complaint on ECF subsequent to removal, and because the copy of the complaint that was exhibited to the notice of removal on ECF omits the relevant page listing these allegations. (ECF Doc. 1)*

200.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 431 of plaintiffs' complaint except admit that at all relevant times mentioned in the complaint POLICE OFFICER RICHARD HASTE, was and is employed as New York City Police Officer by the Defendant City of New York, and was performing his duties lawfully under the color of law and within the scope of his employment.

201.    Deny the allegations contained in paragraphs 431 through 435 of plaintiffs' complaint.

**AS FOR AN ANSWER TO A TWENTY-SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, CONSTANCE MALCOLM FOR ASSAULT AND BATTERY AGAINST THE DEFENDANTS**

202.    In response to paragraph 436 of plaintiffs' complaint POLICE OFFICER RICHARD HASTE, repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 435 as if the same were fully set forth at length herein.

203.    Deny the allegations contained in paragraph 437 of plaintiffs' complaint.


   *To the extent that they exist, POLICE OFFICER RICHARD HASTE cannot*

*respond to any further allegations made in plaintiff's complaint since a hard copy of*

*the complaint was never served on this firm, Worth, Longworth, & London LLP,*

*attorneys of record for POLICE OFFICER RICHARD HASTE, because plaintiff*

*never re-filed his complaint on ECF subsequent to removal, and because the copy of*

*the complaint that was exhibited to the notice of removal on ECF omits any further*

*allegations beyond those contained in paragraph 437. (ECF Doc. 1)*

## AS FOR A FIRST AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

204.    Plaintiffs' complaint fails to state a claim upon which relief can be granted against

POLICE OFFICER RICHARD HASTE.

## AS FOR A SECOND AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

205.    The alleged incident and damages, if any, alleged to have been sustained by the

plaintiffs on the occasion mentioned in the complaint were wholly or in part caused

by the culpable conduct of the plaintiffs.

## AS FOR A THIRD AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

206.    If it is determined that POLICE OFFICER RICHARD HASTE was acting under

the color of law, then the actions of POLICE OFFICER RICHARD HASTE, as a

sworn police officer of the defendant, CITY OF NEW YORK, were justified and

were done in good faith, in that defendant POLICE OFFICER RICHARD HASTE

reasonably believed that he was exercising and acting within his statutory and

constitutional powers.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

207.    Plaintiffs' complaint fails to set forth facts sufficient to constitute deprivation of

any constitutional rights or other basis for a civil rights claim.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

208.    If it is determined that POLICE OFFICER RICHARD HASTE was acting under

the color of law, then POLICE OFFICER RICHARD HASTE acted reasonably and

in good faith in discharging his official duties and responsibilities, and as such

defendant POLICE OFFICER RICHARD HASTE is entitled to qualified immunity.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

209.    Causes of action alleged in plaintiffs' complaint are barred by the applicable

statute of limitations.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

210.    Any sums or consideration paid or promised to plaintiffs, by any person or

corporations claimed to be liable for injuries or damages alleged in the complaint,

shall reduce any judgment rendered in favor of plaintiffs as against defendant

POLICE OFFICER RICHARD HASTE to the extent of the greater of either the sums

or consideration paid or promised to plaintiffs or the amount of the released

tortfeasor's(s) equitable share(s) of the damages in accordance with General

Obligations Law § 15-108, et. seq.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

211.    Any award for recovery of the cost of medical care, dental care, custodial care or

rehabilitation services, loss of earnings, or other economic loss claimed by plaintiffs

shall be reduced to the extent that any such cost or expense was or will with

reasonable certainty be replaced or indemnified from any collateral source pursuant to

CPLR § 4545.

### AS FOR A NINTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER RICHARD HASTE

212.    Upon information and belief, the injuries or damages alleged in the complaint

were or may have been caused in whole or in part by parties now or hereafter to be

named as co-defendants or third-party defendants and accordingly the liability of the

answering defendant POLICE OFFICER RICHARD HASTE, is, or may be limited

by the provisions of Article 16 of the CPLR.

### AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

213.    If the plaintiffs were caused damages as alleged in plaintiffs' complaint, due to

any culpable conduct other than plaintiffs' own culpable conduct, then such damages

were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, CITY OF NEW YORK.

**AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

214.    If it is determined that POLICE OFFICER RICHARD HASTE was acting under the color of law, then all of the acts of POLICE OFFICER RICHARD HASTE were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the plaintiffs must be assumed by his employer, the defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

**AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

215.    Pursuant to this principle of law, if plaintiffs recover any judgment against defendant POLICE OFFICER RICHARD HASTE, then said defendant is entitled to recover the amount of such judgment from defendant, CITY OF NEW YORK.

**AS FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK**

216.    If it is determined that POLICE OFFICER RICHARD HASTE was acting under the color of law, then all of the actions of defendant POLICE OFFICER RICHARD HASTE were performed within the performance of his duties and within the scope of his employment as New York City Police Officer, and any liability to plaintiffs must be assumed by defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

217.    Any damages sustained by plaintiffs at the time or place mentioned in plaintiffs' complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

218.    Pursuant to this provision of NYS General Municipal Law Section 50-k, if plaintiffs recover any judgment against defendant POLICE OFFICER RICHARD HASTE then the answering defendant is entitled to recover the amount of such judgment from the defendant, CITY OF NEW YORK.


**WHEREFORE**, defendant POLICE OFFICER RICHARD HASTE respectfully demands judgment against plaintiffs as follows:

(a)   Dismissing plaintiffs' complaint in its entirety;

(b)   Over and against defendant, CITY OF NEW YORK for the amount of any judgment obtained against defendant POLICE OFFICER RICHARD HASTE;

(c)   Granting defendant POLICE OFFICER RICHARD HASTE costs, disbursements, and expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.


Dated: New York, New York
       December 12, 2013

Yours, etc.,

_____/s/_____
By: Mitchell Garber (MG 6652)
WORTH, LONGWORTH & LONDON LLP
*Attorneys for Defendant P.O. Richard Haste*
111 John Street - Suite 640
New York, New York   10038
(212) 964-8038

TO: **<u>VIA ECF</u>**

  Royce Russell
  Emdin & Russell, LLP
  21 East 40th Street Suite 2002
  New York, NY 10016

  Qiana Charmaine Smith
  NYC Law Department, Office of the Corporation Counsel (NYC)
  100 Church Street
  New York, NY 10007

  Daniel Lloyd Adams
  Rutherford & Christie, LLP
  369 Lexington Avenue
  8th Floor
  New York, NY 10017