```
F3AFGRAC
```

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                ESTATE OF RAMARLEY GRAHAM, et
                al,

                              Plaintiff,

                       v.                              13 CV 2015 (PKC)

                THE CITY OF NEW YORK, et al,

                              Defendant.

                ------------------------------x
                                                       New York, N.Y.
                                                       March 10, 2015
                                                       2:20 p.m.

                Before:

                               HON. KEVIN P. CASTEL,

                                                       District Judge

                                 APPEARANCES

                ROYCE RUSSELL, ESQ.
                     Attorney for Plaintiff


                GREGORY LONGWORTH, ESQ.
                     Attorney for Defendant

                ZACHARY W. CARTER, Corporation Counsel
                for the City of New York
                     Attorney for Defendant
                QUIANA SMITH, ESQ.
```

1            (Case called)

2            (In open court)

3            THE DEPUTY CLERK:  Estate of Ramarley Graham, et al v.
4    City of New York, et al.

5            MR. RUSSELL:  Royce Russell representing Ramarley
6    Graham.  Present here is Constance Malcolm, his mother, and
7    Fanclot Graham, his father.

8            THE COURT:  And for the defendant?

9            MR. LONGWORTH:  Gregg Longworth, your Honor, for
10   Richard Haste.

11           MS. SMITH:  Quiana Smith, Corporation Counsel, for
12   City defendants, your Honor.

13           THE COURT:  Excellent.  This is an infant compromise
14   proceeding pursuant to Local Rule 83.2 which requires that the
15   Court follow the procedures used in state court to resolve a
16   matter, approve a settlement with an infant.  And have you
17   prepared the affidavits under CPLR 1208?

18           MR. RUSSELL:  Yes, your Honor.

19           THE COURT:  Do you have those?  Can you hand those up,
20   please?

21           MR. RUSSELL:  I have the affidavits.  Your Honor, so
22   the record is clear, what I prepared for the Court is an
23   affirmation on my behalf; affidavit on behalf of Constance
24   Malcolm, who is the mother petitioner, as well as the Court has
25   affirmation of reference to the estate and affidavit because

1     Constance Malcolm is the administratrix as to the estate and
2     the Court also has an order of compromise.
3              Your Honor, I've seen the documents and reviewed the
4     documents a thousand and one times.  However, you'll see the
5     caption still reads up top Bronx Supreme Court, unfortunately,
6     because it was removed, I don't know if the Court would rather
7     have me replace it with a cover sheet or --
8              THE COURT:  We can take care of that.  Let me first
9     look at the submissions.
10             (Pause)
11             THE COURT:  Okay.  With regard to the estate of
12    Ramarley Graham by Constance Malcolm, I have the affidavit of
13    Ms. Malcolm, it's duly notarized.  It annexes an original copy
14    of her certificate of appointment, recites the terms of the
15    settlement and also the terms of the attorneys fee.  There is a
16    separate affidavit from Ms. Malcolm in her capacity as parent
17    and guardian of the infant child who is nine years of age and
18    the nature of the claim is described, the nature of the
19    injuries suffered by the infant, the terms of the settlement,
20    the reasons why the settlement was deemed to be prudent, the
21    disbursements made by the law firm in the course of the
22    litigation as well as the fee arrangement.
23             Annexed in addition to copies of bills for
24    disbursements and the retainer agreement is a psychological
25    report, because that was the nature of the injuries.  The

1  little boy witnessed his brother's shooting.  And, happily, it
2  reports that the child is emotionally stable and does not
3  require a further psychotherapy regime.
4        Then I have Mr. Russell's affirmation.  As alleged in
5  the complaint, Mr. Ramarley Graham was shot and killed on
6  February 2, 2012 in his home by an officer of NYPD.
7  Mr. Russell describes the manner he went about investigating
8  the case, the type of research, back research and investigation
9  he made, how the settlement was reached with the assistance of
10 Magistrate Judge Theodore Katz, and the Court expresses its
11 thanks to Judge Katz.  This is as a private mediator, is that
12 correct?
13       MR. RUSSELL:  Yes, that's correct.
14       THE COURT:  Judge Katz, for the record, had been a
15 magistrate judge with this court.  He is fully retired and he
16 is in the private practice of doing mediations.  The
17 significance of that is it gives the Court some confidence in
18 terms of the arm's length nature of the negotiations, that they
19 were conducted with the use of a neutral.
20       Now, Ms. Malcolm, your view, is this settlement a
21 reasonable settlement from your standpoint?
22       MS. MALCOLM:  Yes, your Honor.
23       THE COURT:  And is it reasonable from the standpoint
24 of the estate?
25       MS. MALCOLM:  Yes, your Honor.

1           THE COURT:  And your son?
2           MS. MALCOLM:  Yes, your Honor.
3           THE COURT:  Are you satisfied with the attorney's fees
4   that your attorney seeks in this matter?
5           MS. MALCOLM:  Yes, your Honor.
6           THE COURT:  All right.  And let me hear from
7   Mr. Graham?  With regard to the infant's settlement, is that a
8   reasonable settlement in your view?
9           MR. GRAHAM:  Yes, your Honor.
10          THE COURT:  And are you comfortable with the
11  attorney's fees that have been sought in this matter?
12          MR. GRAHAM:  Yes, your Honor.
13          THE COURT:  All right.  And, Mr. Russell, is there
14  anything further that you want to tell me about the settlement
15  process?
16          MR. RUSSELL:  No, your Honor.  I think the affirmation
17  in detail goes into what took place.
18          THE COURT:  All right.  And let me hear from
19  Mr. Longworth as to the arm's length nature of the
20  negotiations.
21          MR. LONGWORTH:  To the best of my knowledge, your
22  Honor, we're satisfied with the arm's length negotiations in
23  this matter.
24          THE COURT:  All right.  And, Ms. Smith, anything you
25  wish to add about the negotiations of this matter or its arm's

1  length nature?

2  MS. SMITH: No, your Honor.

3  THE COURT: All right.

4  Based upon my review the settlement is fair,
5  reasonable and adequate as to the claims of the estate of
6  Ramarley Graham, as well as as to the claims of the infant
7  child. Because of his age, he need not be present for this
8  proceeding. His interests are well protected by Fanclot Graham
9  and Constance Malcolm. What does the order provide with regard
10 to how the monies will be held in the case of the infant?

11 MR. RUSSELL: Your Honor, it will be held in trust
12 with an FDIC institution until the child reaches his 18th
13 birthday.

14 THE COURT: And I see the institution is identified
15 and the requirement is that it be deposited in an interest
16 bearing trust account to be held by plaintiff's mother.

17 Let me speak to you about the nature of the account.
18 There are things called Totten trusts and this should not be a
19 Totten trust. There should be a trust agreement. A Totten
20 trust, if you were to set up a Totten trust for your nephew in
21 opening with your name in trust for your nephew, you could
22 deposit and withdraw money, you could close the account any
23 time you wanted, withdrawing a full balance and that is not in
24 my view what's appropriate here. There should be a trust
25 agreement and the trust agreement should provide expressly for

1    the terms under which principal may be invaded.  And so what
2    I'm going to do is I'm going to hold the papers on this and I'm
3    going to ask you, would it be convenient to submit a trust
4    agreement in seven days, 14 days?  What would work for you?
5            MR. RUSSELL:  I would just ask that it be 14 days
6    because I would like to correspond with the institution.  Maybe
7    they have something that's in place.  I would like to work with
8    them.
9            THE COURT:  That's fine.  As a trial lawyer it's not
10   necessarily in your area of expertise to know how to set up a
11   trust, but what I need to have here -- it may be that you can
12   do this more efficiently with a Uniform Transfer to Minor Act
13   account, which may be a simpler way to go than either a trust,
14   and as I've said the so-called Totten trusts are not
15   acceptable.  So you'll have to look into that and get me the
16   papers within 14 days and I think what would be appropriate is
17   a revised order, so the order will reflect how the money is
18   going to be held so we can make sure that all that money is
19   there for that young man maybe to help him with education and
20   other good things in life.
21           MR. RUSSELL:  Very well, Judge.
22           THE COURT:  I want to congratulate the attorneys in
23   this case.  The underlying facts are undoubtedly and are very
24   sad and unfortunate and I realize as a fellow human being that
25   money doesn't bring closure to all things that we experience in

1  life but it is in everyone's best interests that on these fair
2  terms this chapter be closed.
3  　　　So it's provisionally approved subject to the
4  submission of the additional documentation which I've asked for
5  and upon receiving that I will enter the proper orders.
6  　　　You may and should hand correct the captions and file
7  the papers on ECF and so it will be part of the record of this
8  Court.  If you wish you can redact the psychology report and I
9  think that's likely the only thing.  There is a rule, Rule, I
10 think it's 5.2 on redactions.  You can consult that rule.
11 There may be other redactions that are appropriate, but the
12 papers should be filed.  Yes, it's 5.2.
13 　　　Is there anything further from the plaintiffs?
14 　　　MR. RUSSELL:  No, your Honor.
15 　　　THE COURT:  Anything further from the defendants?
16 　　　MR. LONGWORTH:  No, your Honor.
17 　　　MS. SMITH:  No, your Honor.
18 　　　THE COURT:  We are adjourned.  Thank you.
19 　　　(Adjourned)